LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIA NAVARRO,

        Plaintiff,

  -against-                                   **COMPLAINT**

ROCKLAND CHRYSLER JEEP DODGE, INC.     ***Jury Trial Demanded***
and VINCENT ODOARDI,

        Defendants.
-------------------------------------------------------------X

      Plaintiff, Maria Navarro ("Plaintiff"), by and through her attorney, Peter A. Romero, Esq., alleges and complains as follows:

## NATURE OF THE ACTION

    1.    Plaintiff brings this action against Defendants Rockland Chrysler Jeep Dodge, Inc. and Vincent Odoardi to remedy violations of the Pregnancy Discrimination Act ("PDA", Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e and the New York State Human Rights Law, N.Y. Exec. Law §290, et. seq. (the "Executive Law").

    2.    Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

4. This Court may exercise supplemental jurisdiction over Plaintiff's Executive Law claims as authorized by 28 U.S.C. §1367(a).

5. Venue is proper within this judicial district pursuant to 28 U.S.C. §1391 because the unlawful practices complained of herein occurred within the Southern District of New York and because Defendant resides within the Southern District of New York.

6. Plaintiff filed a timely charge of discrimination based on age with the Equal Employment Opportunity Commission, Charge No. 520-2017-0092. Plaintiff brings this action within ninety days of the issuance of the Notice of Right to Sue issued by the EEOC.

## THE PARTIES

7. Plaintiff is an adult female resident of the State of New York.

8. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Title VII and a "person" within the meaning of N.Y. Exec. Law §292(1).

9. Upon information and belief, Defendant Rockland Chrysler Jeep Dodge, Inc. is a domestic corporation with its principal place of business in Westchester, New York.

10. At all times relevant, Defendant employed more than twenty (20) employees.

11. Defendant was and is an "employer" within the meaning of Title VII and N.Y. Exec. Law §292(5).

12. Upon information and belief, Defendant Vincent Odoardi has an ownership interest in the defendant corporation.

13. Defendant Vincent Odoardi has authority to hire and fire employees for the corporate defendant.

14. Defendant Vincent Odoardi participated in the conduct giving rise to the claims of discrimination and retaliation asserted in this action.

## FACTUAL ALLEGATIONS

15. Plaintiff began working for Rockland Chrysler Jeep Dodge, Inc. in February 2016 as an internet coordinator. Plaintiff excelled in her work and had exemplary performance.

16. On or about July 12, 2016, Plaintiff learned that she was pregnant.

17. On August 19, 2016, Plaintiff underwent a surgical procedure to treat cervical cancer. Plaintiff felt ill after the procedure and therefore reported late for work on August 20, 2016. Plaintiff's supervisor, Kenneth Campos, penalized Plaintiff for being tardy by dismissing her from work for the day.

18. On August 22, 2016, Plaintiff experienced bloody vaginal discharge. She called out sick and saw her physician on her next regular day off. Plaintiff's doctor informed her that she needed an emergency sonogram, which she had the next day. Upon Plaintiff's return to work, she provided Defendant with a note from her physician excusing her absences.

19. Defendant's Managing Partner, Vincent Odoardi ("Odoardi"), however, demanded "details" about Plaintiff's medical condition. Plaintiff began to cry and asked to speak with human resources. She was then instructed to "*talk to Donna in payroll.*"

20. Upon information and belief, Donna has no human resources training or experience. Nevertheless, Plaintiff spoke to Donna about the General Manager's inappropriate demand for details about her medical condition, which was made in violation of the Americans with Disabilities Act.

21. Approximately one hour later, Odoardi, and Donna issued Plaintiff a Final Written Warning and ultimatum that her position would be reduced from full-time to two days per week unless she resigned my employment. Odoardi sent Plainitff home for the remainder of the day to consider the ultimatum. Plaintiff was advised that she would be fired if she missed any days from work. Ironically, Defendant fired Plaintiff on Labor Day because she reported 5 minutes late to work due to morning sickness.

22. Defendant discriminated against Plaintiff because of her pregnancy and disability and retaliated against Plaintiff because she complained about Odoardi's inappropriate demand for details regarding her medical condition.

23. Defendants discriminated against Plaintiff in the terms, conditions and privileges of her employment.

24. Due to Defendant's discrimination, Plaintiff has suffered the loss of her job and the opportunity to work, as well as emotional harm and distress.

**FIRST CLAIM FOR RELIEF**

25. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

26. Defendant discriminated against Plaintiff because of her pregnancy in violation of the PDA and Title VII.

27. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

28. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

29. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF

30. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

31. By the acts and practices described above, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of pregnancy in violation of the Executive Law.

32. As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF

33. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

34. By the acts and practices described above, Defendant retaliated against Plaintiff in violation of the Executive Law.

35. As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## FOURTH CLAIM FOR RELIEF

36. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

37. By the acts and practices described above, Defendant Odoardi discriminated and retaliated against Plaintiff in violation of the Executive Law.

38. As a result of Defendant's conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## DEMAND FOR A JURY TRIAL

39. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

40. Plaintiff demands a trial by jury as to all issues in the above matter.

**WHEREFORE**, Plaintiff demands judgment against Defendants and that the Court enter an award in favor of Plaintiff:

(i) Declaring the acts and practices complained of herein are in violation of the PDA, Title VII and the Executive Law;

(ii) Reinstatement of Plaintiff to an equivalent position;

(iii) Damages in the form of back pay with interest;

(iv) Front pay, in lieu of reinstatement;

(v) Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(vi) Punitive damages under the PDA and Title VII;

(vii) Attorneys' fees, costs and disbursements; and

(viii) Such other and further relief as this Court may deem just and proper.

Dated: Babylon, New York
October 11, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: /s/ Peter Romero

Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

EEOC Form 161-B (11/09) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC")**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | From: |
|---|---|
| Maria Navarro<br>324 W. Clarkestown Road<br>New City, NY 10956 | New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | E-Mail Address: |
|---|---|---|
| 520-2017-00992 | Patrick Sanford, Federal Investigator | Patrick.Sanford@eeoc.gov |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered Charge of Discrimination ("Charge"). It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this Charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this Charge.

[ ] Less than 180 days have passed since the filing of this Charge, but I have determined that it is unlikely that the EEOC will be able to complete its investigation of this Charge within 180 days from the filing of this Charge.

[X] The EEOC is terminating its investigation of this Charge.

[ ] The EEOC will continue to investigate this Charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the Charge was filed until 90 days after you receive notice that we have completed action on the Charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing its investigation of this Charge. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your Right to Sue based on the above-numbered Charge will be lost.

[ ] The EEOC is continuing its investigation of your ADEA case. However, if **60 days** have passed since the filing of this Charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the Right to Sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this Charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  SEP 29 2017
Kevin J. Berry,
District Director                                                             (Date Mailed)

Enclosures(s)

cc: **Respondent:**                **Respondent's Attorney:**          **Charging Party's Attorney:**
Rockland Chrysler Jeep Dodge     Jackson Lewis, PC                  Law Office of Peter Romero
60 Route 304                     Attn: Joseph Martin, Esq.          103 Cooper Street
Nanuet, NY 10954                 44 South Broadway – 14 Fl.         Babylon, NY 11702
                                 White Plains, NY 10601             (631) 257-5588
                                 (914) 872-8060